O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

DAVID TYRONE THOMAS       §
      §
           Petitioner       § CRIMINAL ACTION NO. C-06-259
VS.       §     CIVIL ACTION NO. L-08-151
      §
UNITED STATES OF AMERICA       §

MEMORANDUM

Pending before the Court is Petitioner David Tyrone Thomas's application for a writ of habeas corpus claiming he served too long on his federal sentence before serving his current state sentence.[1]   (Civil Docket No. 1).   Thomas's application was originally filed in the Corpus Christi division and contained several challenges properly brought under 28 U.S.C. § 2255, but Judge John D. Rainey dismissed those claims as time barred.   However, Judge Rainey determined the challenge to his length of incarceration was properly brought under § 2241, and transferred it to this Court.

Thomas's application claims he was "sentenced to 21 months Federal and served a total of 22 months in custody." (Civil Docket No. 1, at 6.)   In a subsequent letter to the Court, he claims he is missing "over 13-months of flat time that I've

---

[1] Petitioner also filed a motion seeking appointment of counsel. (Civil Docket No. 15.)   However, as there is no right to counsel in a habeas case and the Court finds no merit to the original application, the motion is DENIED.

served for Texas sentence and Federal together." (Civil Docket No. 7.) The docket sheet reflects that a federal arrest warrant for this Defendant was issued April 13, 2006. Thomas subsequently appeared before a federal magistrate judge on August 11, 2006. Thomas claims he was not given credit from "April 18, 2006, when a federal hold was placed on [him]" until August 11, 2006. The Court interprets these statements as challenging the length of his federal sentence.

On January 31, 2006, prior to his federal arrest, a Texas court judgment deferred the adjudication of Thomas's guilty plea to possession of cocaine. (Civil Docket No. 13, Ex. B.) Thomas was placed on five years of community supervision. Id.

On December 14, 2006, Judge Rainey sentenced Thomas to twenty-one months' incarceration for possession with intent to distribute cocaine. (Criminal Docket No. 19) He finished his federal sentence on February 8, 2008.

On January 31, 2008, shortly before the end of his federal incarceration, the Texas court revoked Thomas's community supervision and sentenced him to four years' state incarceration. (Civil Docket No. 13, Ex. A.) The Texas court ordered its sentence to "run concurrently." Id. Thomas was given credit on his state sentence for the overlap from January

31, 2008, even though he had not yet finished serving his federal sentence.[2] (Civil Docket No. 13, Ex. C.)

Thomas's challenge to his federal sentence is moot. Because he has completed that sentence, there is no remedy the Court can provide him.   See Spencer v. Kemna, 523 U.S. 1, 118 Sup. Ct. 978 (1998) (finding no case or controversy in petitioner's challenge to revocation procedures when petitioner fully served his incarceration for the revocation).   Moreover, because of the retroactive credits Thomas received on his state sentence, Thomas has no basis to complain.   For the reasons set forth above, Thomas's application for a writ of habeas corpus will be DISMISSED.

DONE at Laredo, TX, this 2nd day of May, 2009.

George P. Kazen
United States District Judge

---

[2] Indeed the State judgment of January 31, 2008, reflects that Thomas received other credits going back as far as 2005.