UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. C-06-259 |
| | § | |
| DAVID TYRONE THOMAS, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER**
**<u>TRANSFERRING CASE TO THE LAREDO DIVISION</u>**

On December 10, 2009, the Clerk received from David Tyrone Thomas a document which referred to this criminal case number, included a notation referencing "2255" and utilized forms typically used to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.E. 52.)[1] Although the petition references the instant criminal case, none of Thomas' claims challenge the legality or constitutionality of his conviction or sentence. Instead, all of his claims appear to request credit to the sentence imposed in the instant case, or credit to his current state sentence for time served in his federal case. Thus, he appears to be challenging the manner in which his sentence is being computed or carried out. (<u>See generally</u> D.E. 52.) Accordingly, his claims are more properly brought in a petition pursuant to 28 U.S.C. § 2241. See <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); <u>United States v. Gabor</u>, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990).

Notably, it appears that Thomas has already raised these (or similar) challenges, and that they

---

[1] Docket entry references are to the criminal case.

were addressed in Thomas v. Quarterman, L-08-cv-151 by United States District Judge George Kazen. (See D.E. 18 in L-08-cv-151, Memorandum Opinion Dismissing Petitioner's Application for a Writ of Habeas Corpus.) Thus, they may be barred from consideration here. This Court is not the proper court to make that determination, however. Instead, as noted in a prior order in this case, a § 2241 petition should be brought in the jurisdiction where petitioner is incarcerated. See Pack, 218 F.3d at 451. Thomas is currently incarcerated in the Texas Department of Criminal Justice's Cotulla Unit in Cotulla, Texas, which is located in La Salle County, Texas. La Salle County is within the jurisdiction of the Laredo Division of the Southern District of Texas. 28 U.S.C. § 124(b)(3).

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a). Because the petitioner is located within the Laredo Division, it is more convenient for the action to be handled in that Division.

Accordingly, Thomas' latest filing is hereby construed as a petition pursuant to 28 U.S.C. § 2241, and is transferred to the United States District Court for the Southern District of Texas, Laredo Division. All issues relating to the payment of the $5 filing fee for habeas actions, including any request to proceed *in forma pauperis*, shall be handled by the transferee court.

Additionally, the Clerk is hereby directed to administratively close the civil case opened by the filing of Thomas' § 2255 motion, Civil Action No. C-09-340.

## CONCLUSION

For the foregoing reasons, Thomas' latest filing (D.E. 52) is hereby construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and transferred to the Laredo Division of the United States District Court for the Southern District of Texas. The Clerk is directed to administratively close the civil case opened in conjunction with Thomas' filing, Civil Action No. C009-340.

It is so **ORDERED this 21st** day of December, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE